UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATT MORGAN,

      Plaintiff,

v.                                    Case No:   6:18-cv-1746-Orl-40TBS

CAPITAL ALLIANCE GROUP,

      Defendant.

_____

## ORDER

      This case comes before the Court on Defendant's Amended Motion to Transfer to the Southern District of California Pursuant to 28 U.S.C. § 1404 Due to "Exclusive and Continuing Jurisdiction" from Prior Class Action Settlement (Doc. 22). Plaintiff opposes the motion (Doc. 25).

## I.

      Plaintiff Matt Morgan is a citizen of Florida (Doc. 1, ¶ 8). Defendant Capital Alliance Group is a California corporation with its principal place of business in Santa Ana California (Id., ¶ 10; Doc. 22 at 7). Plaintiff complains that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. by calling him approximately 100 times attempting to sell Plaintiff business lines of credit (Id., ¶¶ 11, 15-18). Plaintiff alleges, on information and belief, that some or all the telephone calls he received from Defendant were made using an automatic telephone dialing system (Id., ¶ 12). The telephone calls about which Plaintiff complains began in or about January 1, 2018 (Id., ¶ 16). Defendant has answered and interposed 20 affirmative defenses including an assertion that venue is either improper in the Middle District of Florida or would be more appropriate in the Southern District of California (Doc. 13).

## II.

Defendant argues that this case should be transferred to the Southern District of California because that court reserved "'exclusive and continuing jurisdiction and venue' over Plaintiff Matt Morgan's ('Plaintiff' or 'Morgan') claims arising out of a class action settlement." (Doc. 22 at 2) (emphasis in original). The settlement Defendant is referring to occurred in the consolidated class action case of Bee Denning, Inc. v. Capital Alliance Group, 3:13-cv-2654-BAS-WVG (S.D. Cal.) ("Bee"). According to Defendant:

> The Southern District of California presided over a certified class action from November 05, 2013 until November 18, 2016, and as such is intimately familiar with the facts of this case. Indeed, the Plaintiffs in *Bee* spent three years attempting to prove Defendant Capital Alliance Group violated the Telephone Consumer Protection Act ("TCPA" 47 U.S.C. § 227 *et seq*.). Plaintiffs in *Bee* could not find any violations of the TCPA, and so settled for injunctive relief that reiterated Defendants' existing practices, with *no money for the class* and *no attorneys fees*. *Bee*, Dkt No 81 at pp. 4-5. In other words, Defendant agreed to continue doing what it had already been doing in the form of injunctive relief. Nonetheless, Plaintiff herein alleges again that Defendant has violated the TCPA.

> The subject matter of Plaintiff's Complaint falls squarely within an injunction issued by Judge Bashant in the *Bee* Settlement. As part of the *Bee* Settlement, Capital Alliance was "ORDERED … to comply with [certain] injunctive relief, as described in the Settlement Agreement." Declaration of William R. Restis ISO Plaintiff's Motion to Transfer, "Restis Decl.", Ex. A, at p. 4 ¶ H. Judge Bashant's injunction required Capital Alliance to *inter alia*: "establish written procedures for TCPA compliance"; "maintain a list of telephone numbers of persons who request not to be contacted"; "scrub for cellular telephones before making autodialed calls or calls made with an artificial voice or use or prerecorded messages"; and "not call cellular telephones prior to receipt of the express written permission of the intended recipient[.]" *Id.*

> Plaintiff's Complaint alleges Capital Alliance is in violation of this injunction by making "approximately one hundred" calls "to Plaintiff's *cellular telephone number* … using an 'automatic telephone dialing system' … or an artificial or prerecorded voice[.]" Complaint, Dkt No 1, ¶¶ 11-12. (emphasis added). Plaintiff also alleges that Capital

Alliance "has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, … *with no way for the consumer, or CAG, to remove the number.*" *Id.*, ¶ 21 (emphasis added). Plaintiff alleges Defendant's "corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to CAG they do not wish to be called." *Id.,* ¶ 22. And that Defendant's "corporate policy provided no means for Plaintiff to have Plaintiff's number removed from CAG's call list." *Id.,* ¶ 27. As a result, Plaintiff alleges that Defendant "willfully and/or knowingly violated the TCPA." *Id.*, ¶ 30.

Although Defendant strenuously denies Plaintiff's allegations (*see* Dkt No. 13, Answer to Complaint), the best, and indeed only Court that can rule on them is in the Southern District of California. *Boys v. Mass Mut. Life Ins. Co.*, No. 2:12-CV-445, 2013 U.S. Dist. LEXIS 103242, at *10- 11 (E.D. Tenn. July 24, 2013) (Varlan J.) ("generally speaking a district court that enters a consent decree and retains enforcement jurisdiction in all probability has exclusive jurisdiction over claims relating to it.")

(Id., at 1-3).

Defendant filed a copy of the California district court's Order Granting Motion for Final Approval of Class Action Settlement and Motion for Attorney Fees and Incentive Awards) (the "Bee Order") in support of its motion (Doc. 16-2 at 2). The Bee Order incorporates by reference the definition of words and terms contained in the agreement settling Bee, and the terms of the California court's Order Granting Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Doc. 16-2 at 3). Because Defendant did not include copies of these papers with its motion, the Court obtained and now takes judicial notice of them.

Defendant's representations that: "Plaintiffs in *Bee* could not find any violations of the TCPA, and so settled for injunctive relief that reiterated Defendants' existing practices, *with no money for the class and no attorneys fees*" caught the Court's eye (Doc. 22 at 2) (emphasis in original). The Court is unable to reconcile these representations with the following finding made by the district court in California:

- 3 -

> Prior to this litigation, Defendants had a pattern and practice of making prerecorded calls to cell phones and sending junk faxes, both without the prior consent of the recipient and in violation of the TCPA (Pls.' Mot. 12:15-17.) The Settlement Agreement provides the Settlement Class Members the benefit of an injunction against further violations of the TCPA by Defendants…. Consequently, this Court finds the proposed settlement is significant and valuable to the Settlement Class Members.

Bee, Dkt. 74 at 16-17. In their motion for approval of the settlement in Bee, plaintiffs told the California court:

> Subsequently, on December 10, 2015, the Parties participated in mediation. Id. Unable to reach an agreement, the Parties participated in a settlement conference before Magistrate Judge Gallo on April 27, 2016. Terrell Decl. ¶ 19. As part of those discussions, Plaintiffs reviewed Defendants' financial information. Id. ¶ 17. Based on this review, Plaintiffs determined that Defendants had insufficient assets to provide financial relief to proposed class members. Id. Moreover, even if there were available assets, they would first need to satisfy hundreds of thousands of dollars in liens before any relief could go to class members. Id.

Bee, Dkt. 71-1 at 12. In the agreement settling Bee, Defendant agreed that:

> A. Defendants' Representations. Class Counsel has reviewed financials that establish Defendants have insufficient resources to grant effective monetary relief to the 206,555 putative Class Members. The Parties' request for certification of a settlement class under only Fed. R. Civ. P. 23(b)(2) is contingent upon this representation.

Bee, Dkt. 71-3 at 5. And, while Defendant did not pay damages to all the class members or fees to the plaintiffs' lawyers in Bee, Defendant was ordered to pay each class representative $4,819 for their individual claims and as an incentive award (Doc. 16-2 at 5). Defendant was also ordered to pay class counsel's costs in the amount of $22,096 (Id.). Due to Defendant's financial condition at the time, the settlement agreement provides for each class representative and class counsel to receive a confession of judgment from Defendant if payment was not made by November 4, 2016. Bee, Dkt. 71-3 at 7. Based on

this record, it appears that Defendant has misrepresented the Bee Settlement to this Court. The Court is issuing a separate order to show cause to Defendant and its lawyers, directing them to show why they should not be held in contempt and sanctioned for making these apparent misrepresentations of fact in the amended motion to transfer this case to California.

III.

Defendant's motion to transfer relies on the decision in <u>Boys v. Mass Mut. Life Ins. Co.</u>, No. 2:12-CV-445, 2013 U.S. Dist. LEXIS 103242 (E.D. Tenn. July 24, 2013) which, according to Defendant, is "a near identical case" to this case (Doc. 22 at 5). In 1996, 1997 and 1998 the plaintiff in <u>Boys</u> purchased life insurance policies from Massachusetts Mutual and one of its affiliates. <u>Id.</u>, at * 2. In 2005, the District Court of New Jersey approved the settlement of a consolidated nationwide class action brought against Massachusetts Mutual by policyholders who purchased life insurance policies between January 1, 1983 and December 31, 2003. <u>Id.</u>, at *2. The New Jersey court retained jurisdiction over all class members who had not opted out. It also approved a release which "'generally bars Class Members from asserting other claims that were or could have been asserted against MassMutual in this case.'" <u>Id.</u> (quoting <u>Varacallo v. Mass. Mutl. Life Ins. Co.</u>, 226 F.R.D. 207, 223 (D.N.J. 2005)). The plaintiff in <u>Boys</u> filed suit in the Eastern District of Tennessee in 2012, alleging wrongdoing in connection with his insurance policies. <u>Id.</u>, at 1. The court in Tennessee concluded that the case should be transferred to the District of New Jersey because "the court that supervised the [class action settlement] is uniquely equipped to determine whether these potential bars apply and, further, that the district court for the District of New Jersey expressly retained jurisdiction over the action to handle such determinations." <u>Id.</u>, at 3-4.

The Court does not agree that <u>Boys</u> and this case are "near identical." In <u>Boys</u>, the plaintiff purchased his insurance policies during the period covered by the New Jersey class action settlement so, unless he opted out (there is no indication that he did), it appears he was part of the settling class. If the <u>Boys</u> plaintiff was included in the settling class, then it also appears that the release entered by the district court in New Jersey applied to his claims. Massachusetts Mutual made these arguments to the Tennessee court. <u>Id.</u>, at 3-4. It chose not to reach these arguments, which it concluded, the court in New Jersey was in a better position to decide. <u>Id.</u>

Here, unlike in <u>Boys</u>, the California court approved the settlement in <u>Bee</u> before Plaintiff began receiving telephone calls from Defendant. So, Defendant cannot plausibly argue that Plaintiff is a member of the classes whose rights were determined in <u>Bee</u>. And, unlike the release referenced in <u>Boys</u>, the settlement in <u>Bee</u> provides "[t]hat the absent Class members retain their rights to bring lawsuits for damages against Defendants for violations of the TCPA …" (Doc. 16-2 at 5).

## IV.

A civil action can be brought in a district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim took place, or (3) the defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The district court may transfer a civil action to any other district where it might have been brought if doing so will be convenient for the parties and witnesses and serve the interest of justice. <u>See</u> 28 U.S.C. § 1404(a). The Eleventh Circuit has established the following factors which the Court considers in determining whether transfer pursuant to § 1404(a) is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergy's Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citing Gibbs & Hill, Inc. v. Harbert Intn'l, Inc., 745 F. Supp. 993, 996 (S.D.N.Y. 1990)); Watson v. Cmty. Educ. Cntrs. Inc., No. 2:10-CV-00778-36SPC, 2011 WL 3516150, at *2 (M.D. Fla. Aug. 11, 2011). The "burden is on the movant to establish that the suggested forum is more convenient." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Stiefel Labs. Inc. v. Galderma Labs. Inc., 588 F. Supp. 2d 1336,1338 (S.D. Fla. Nov. 13, 2008); Central Money Mortg. Co v. Holman, 122 F. Supp. 2d 1345, 1346 (M.D. Fla. Sept. 29, 2000). Ultimately, the decision to transfer a case under Section 1404(a) rests within the sound discretion of the district court. Steward Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999). Courts generally give substantial deference to plaintiff's choice of forum. Suomen Colorize Oy v. DISH Network, LLC, 801 F. Supp. 2d 1334, 1337-1338 (M.D. Fla. 2011). Before the Court will transfer this action pursuant to § 1404(a) it must find that the "balance of the [factors] is strongly in favor of the transfer." Id.; Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir.1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").

## V.

Now, the Court examines the applicable factors to decide Defendant's motion.

A. *The Convenience of the Witnesses and the Court's Ability to Compel the Attendance of Unwilling Witnesses*

Defendant alleges that "nearly all witnesses to Defendant's alleged wrongful conduct, and all evidence related thereto … are located in Santa Ana California, at Defendant's principal Place of business," which is approximately 89 miles from the Southern District of California's courthouse (Doc. 22 at 8). Defendant has not identified the potential witnesses or made any attempt to substantiate its claim with more specific evidence. "Without offering proof to support its contention that most witnesses and [evidence] are located in California … [Defendant] has done little more than offer conclusory assertions as to the merits of its motion." Del Monte Fresh Produce v. Dole Food Co., Inc., 136 F. Supp. 2d 1271, 1282 (S.D. Fla. 2001). "Vague statements about the convenience of unknown and unnamed witnesses is insufficient to convince this Court that the convenience of the witnesses and that parties would be best served by transferring venue." Id. (quoting Smith v. Colonial Penn Ins. Co., 943 F. Supp. 782, 784 (S.D. Tex. 1996)). Consequently, Defendant has not met its burden to show why the convenience of witnesses and the Court's ability to compel the attendance of unwilling witnesses are factors supporting transfer of this case.

### B. The Location of Relevant Documents and the Relative Ease of Access to Sources of Proof

Defendant conclusory states that the necessary witnesses *and evidence* related to Plaintiff's claims are located in California (Doc. 22 at 8). For the reasons stated in section V.A, supra, Defendant has not met its burden to show why this factor supports transfer.

### C. The Convenience of the Parties

Defendant argues that California is a convenient forum because that is where its lawyer is located (Id. at 9). "The convenience or location of counsel is not a factor to be considered under § 1404(a), except to the extent a transfer will financially burden one of the parties who must obtain new counsel in the transferee forum when its existing counsel

litigated the original matter." <u>Omega Patents, LLC v. Fortin Auto Radio, Inc.</u>, No. 605CV1113ORL22DAB, 2006 WL 8439346, at *6 (M.D. Fla. Apr. 27, 2006), *report and recommendation adopted sub nom.* <u>Omega Patents, LLC, v. Fortin Auto Radio, Inc., & Directed Electronics, Inc.</u>, No. 605CV1113ORL22DAB, 2006 WL 8439348 (M.D. Fla. May 15, 2006). Defendant has not met its burden to show why this factor supports transfer. <u>See In re Ricoh Corp.</u>, 870 F.2d at 573; <u>Stiefel Labs. Inc.</u>, 588 F. Supp. 2d at 1338; <u>Central Money Mortg.</u>, 122 F. Supp. 2d at 1346.

### D. The Locus of Operative Facts

Plaintiff fails to argue this factor except to conclusively state that the locus of operative facts "are located in Santa Ana California, at Defendant's principal place of business." (Doc. 22 at 8). For the reasons stated in section V.A, <u>supra</u>, Defendant has failed to satisfy its burden to show why this factor supports transfer. Additionally, the telephone calls were allegedly received by Plaintiff in the Middle District of Florida.

### E. Relative Means of the Parties

Defendant is a California "business equipment financing"[1] institution that holds itself out as being able to offer its customers "unsecured business loans up to $1million."[2] Plaintiff is an attorney in his family's law firm that boasts forty-six (46) offices in fourteen (14) states, including California (Los Angeles).[3] Despite its representations concerning its financial condition in <u>Bee</u>, Defendant does not claim any lack of financial capacity to litigate this case in the Middle District of Florida. Consequently, Defendant has not met its burden to show why this factor would support transfer of the case.

### F. Plaintiff's Choice of Forum

It is axiomatic that Plaintiff's choice of forum enjoys substantial deference. <u>See</u>

---

[1] https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=03153447-24384516
[2] https://www.capitalalliance.com/
[3] https://www.forthepeople.com/attorneys/matt-morgan/

Osgood v. Discount Auto Parts, LLC, 981 F. Supp. 2d 1259, 1266 (S.D. Fla. 2013); Suomen Colorize Oy v. DISH Network, LLC, 801 F. Supp. 2d 1334, 1337-1338 (M.D. Fla. 2011). This is especially true where the operative facts underlying the cause of action occurred within the forum chosen by the plaintiff. Carucel Inv., L.P. v. Novatel Wireless, Inc., 157 F. Supp. 3d 1219, 1225 (S.D. Fla. 2016). Plaintiff, a citizen of Florida, allegedly received the telephone calls from Defendant in Florida (Doc. 25 at 4). No other considerations justify disturbing Plaintiff's choice. Therefore, this factor weighs against transfer.

### G. Court Considerations: The Forum's Familiarity with the Governing Law and the Interests of Justice and Totality of Circumstances

This Court is competent to apply the federal TCPA statute (as it has been interpreted by courts within this jurisdiction), to the facts of this case. See Gonzalez v. Ocwen Loan Svc, LLC, 5:18-cv-340-OC-30PRL, 2018 WL 6191319 (M.D. Fla. Nov. 28, 2018); Gorss Motels, Inc. v. Safemark Sys., LP, 6:16-cv-1638-Orl-31DCI, 2018 WL 5996963 (M.D. Fla. Nov. 115, 2018); DeJesus v. Cigna Corp., 6:17-cv-1208-ORK-41TBS, 2018 WL 375579 (M.D. Fla. Jan. 11, 2018); Clark v. Macy's Credit and Customer Serv., Inc., 6:17-cv-692-Orl-41TBS, 2017 WL 3877605 (M.D. Fla. Sept. 5, 2017); Hilton v. IC Sys., Inc., 6:16-cv-1366-ORI-40TBS, 2017 WL 3118531 (M.D. Fla. July 21, 2017); Douglas v. Kohl's Dep't Stores, Inc., 6:15-cv-1185-Orl-22TBS, 2016 WL 1637277 (M.D. Fla. April 25, 2016); Murphy v. DCI Biologicals Orlando, LLC, No. 6:12-cv-1459-ORL, 2013 WL 6865772 (M.D. Fla. Dec. 31, 2013). The Court is also equipped to consider the application of the findings and decision in Bee. Consequently, this factor weighs against transfer.

### H. Additional Factor

The Court rejects Defendant's argument that its transfer motion should be granted because this lawsuit could have been filed in the Southern District of California pursuant to

28 U.S.C. ¶ 1391(b)(1). While true, this fact does not outweigh Plaintiff's choice of forum and does not negate the results of the Court's <u>Manuel</u> analysis.

<strong>VI.</strong>

Now, Defendant's Amended Motion to Transfer to the Southern District of California Pursuant to 28 U.S.C. § 1404 Due to "Exclusive and Continuing Jurisdiction" From Prior Class Action Settlement (Doc. 22) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record